

# United States District Court
OFFICE OF THE CLERK
**Western District of Louisiana**

August 26, 2021

*800 Lafayette St., Ste. 2100*
*Lafayette, LA 70501*
*337-593-5000*

Annie Rivers
c/o Brian C. Colomb
Gordon McKernan Injury Attorneys
2505 Verot School Rd
Lafayette, LA 70508

Paula Faircloth
c/o Brian C. Colomb
Gordon McKernan Injury Attorneys
2505 Verot School Rd
Lafayette, LA 70508

Angela Sepulvado
c/o Brian C. Colomb
Gordon McKernan Injury Attorneys
2505 Verot School Rd
Lafayette, LA 70508

Donnie Rivers
c/o Brian C. Colomb
Gordon McKernan Injury Attorneys
2505 Verot School Rd
Lafayette, LA 70508

Union Pacific Railroad Co
c/o David A. Fraser
Fraser Wheeler & Bergstedt
P O Box 4886
Lake Charles, LA 70606-4886

Anthony Forest Products Co LLC
(Defendant)
c/o James W. Hailey, III
Lewis Brisbois et al
400 Poydras St Ste 2000
New Orleans, LA 70130

AimWell Timber Co LLC
c/o Max J. Cohen
Lowe Stein et al
701 Poydras St Ste 3600
New Orleans, LA 70139

Plaza Insurance Co
c/o Max J. Cohen
Lowe Stein et al
701 Poydras St Ste 3600
New Orleans, LA 70139

Anthony Forest Products Co LLC
(Third Party Plaintiff)
c/o Donald J. Armand, Jr.
Pettiette Armand et al
P O Box 1786
Shreveport, LA 71166-1786

    Re:    Rivers et al v. Union Pacific Railroad Co et al
            Case No.: 5:17-cv-00205

Dear All:

    I have been contacted by Judge Donald E. Walter who presided over the above-mentioned case.

      Judge Walter informed me that it has been brought to his attention that while he presided over the case, he owned stock in Union Pacific. His ownership of stock neither affected nor impacted his decisions in this case. However, his stock ownership would have required recusal under the Code of Conduct for United States Judges, and thus, Judge Walter directed that I notify the parties of the conflict.

      Advisory Opinion 71, from the Judicial Conference Codes of Conduct Committee, provides the following guidance for addressing disqualification that is not discovered until after a judge has participated in a case:

> [A] judge should disclose to the parties the facts bearing on disqualification as soon as those facts are learned, even though that may occur after entry of the decision. The parties may then determine what relief they may seek and a court (without the disqualified judge) will decide the legal consequence, if any, arising from the participation of the disqualified judge in the entered decision.

      Although Advisory Opinion 71 contemplated disqualification after a Court of Appeals oral argument, the Committee explained "[s]imilar considerations would apply when a judgment was entered in a district court by a judge and it is later learned that the judge was disqualified."

      With Advisory Opinion 71 in mind, you are invited to respond to Judge Walter's disclosure of a conflict in this case. Should you wish to respond, please submit your response on or before September 10, 2021. Any response will be considered by another judge of this court without the participation of Judge Walter.

      Sincerely,

      */s/ Tony R. Moore*

      TONY R. MOORE
      Clerk of Court